UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY FORD CONSTRUCTION, L.P., | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:07-CV-1511-G |
| DUIT CONSTRUCTION CO., INC., | ) ) | **ECF** |
| Defendant/Counterclaim Plaintiff/ Third-Party Plaintiff, | ) ) ) | |
| AND | ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Defendant, | ) ) | |
| VS. | ) ) | |
| GRW ENGINEERS, INC., | ) ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion to dismiss filed by third-party defendant GRW

Engineers, Inc. ("GRW"). For the reasons stated below, the motion is denied.

I. BACKGROUND

Tommy Ford Construction, L.P. ("Ford") is a Texas limited partnership with its principal office in Dallas County, Texas. Plaintiff's Original Petition ("Petition") at 1, *attached to* Notice of Removal of Defendants Duit Construction Co, Inc. and Safeco Insurance Company of America as Exhibit C. Ford acts as general contractor for construction projects on the Mesa Vista Ranch located in Roberts County, Texas. *Id*. GRW served as the airport project engineer for MVR Aviation, LLC ("MVR Aviation"). Duit Construction Co., Inc.'s Motion to Join GRW Engineers, Inc. as Third-Party Defendant Pursuant to Rule of Civil Procedure 14(a) at 2. The principal offices of Duit Construction Co, Inc. ("Duit") are in Edmond, Oklahoma. *Id.*

On January 11, 2008, Duit moved to add GRW, MVR Aviation's project engineer, as a third-party defendant, alleging negligence and breach of contract. *See generally* Duit's Motion to Join GRW. On February 14, 2008, this court granted Duit's motion and joined GRW as a third-party defendant.

On March 21, 2008, GRW moved to dismiss the claims against it for failure to state a claim for which relief could be granted. Specifically, GRW contends that it did not have a contractual relationship with Duit; thus, Duit has no cause of action against GRW in contract or tort. Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support at 3. Duit avers that prior to the start of construction, MVR Aviation hired GRW to prepare specifications for the airport, including specifications

for the concrete on the runway.  Duit Construction Co., Inc.'s Response to GRW Engineers, Inc.'s Motion to Dismiss at 1.  Duit contends that its claim against GRW are related to the duties GRW owed to properly prepare those specifications on which Ford and Duit relied.  *Id*. at 3.

## II.  ANALYSIS

### Standard for Determination under Rule 12(b)(6)

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted."  A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claim that would entitle it to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.  *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting Wright & Miller, Federal Practice and Procedure § 1357)), *cert. denied*, 459 U.S. 1105 (1983).  Granting such a motion "is a 'precarious disposition with a high mortality rate.'"  *Id*. (quoting *Barber v. Motor Vessel "Blue Cat*," 372 F.2d 626, 627 (5th Cir. 1967)).

Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant.  *Capital Parks, Inc. v.*


*Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

The thrust of GRW's motion that the plaintiff has failed to state claims upon which this court could grant it relief. The court concludes, however, that the GRW has failed to show that the plaintiff could prove no set of facts in support of its claims that would entitle it to relief. See *Conley*, 355 U.S. at 45-46. Accordingly, the motion is denied.

### III. CONCLUSION

For the reasons stated, GRW's motion is **DENIED**.

**SO ORDERED**.

March 25, 2009.

*[signature: C. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**